IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Estep, #344622, ) | C/A No. 8:14-2569-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Nurse Johnson, individual and in her official ) | *for partial disposition* |
| capacity; Nurse McQueen, individual and in her ) | |
| official capacity; ~~Evans Correctional Institution~~, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court because Nurse McQueen has not been served with process, and Plaintiff failed to respond to this Court's August 28, 2014, Order. In this prisoner civil rights action, this Court authorized service of process upon certain defendants, including Nurse McQueen, on July 10, 2014. [Doc. 8.] On August 27, 2014, the U.S. Marshal informed this Court that he attempted personal service of process at the institution, but officials at the institution refused to accept service of process because no first name was listed for Nurse McQueen. [Doc. 19.] This Court also was informed that there is more than one nurse with that last name, and the institution is requiring a first name to be provided before it will accept service of process. [Doc. 26.] By Order dated August 28, 2014, this Court directed Plaintiff to provide a more complete name for Nurse McQueen and/or identifying physical characteristics of Nurse McQueen and/or identifying dates and locations when Nurse McQueen allegedly violated Plaintiff's rights. [*Id*.] Plaintiff was given twenty-one (21) days from the date the Order was entered (plus three days for mail time) to complete and return to the Clerk of Court a new summons form and Form USM-285 for Nurse McQueen. [*Id*.]

Further, this Court directed Plaintiff that if he could not obtain a first name or better identifying information for Nurse McQueen, he must notify the Court in writing whether he agrees to dismiss the defendant without prejudice *or* whether he seeks additional time for service of process with supporting reasons for such a request. [*Id*.]  This Court directed Plaintiff's attention to Rule 4(m) of the Federal Rules of Civil Procedure that provides,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). [*Id*.]  Plaintiff was warned that if he did not respond to the Order and/or did not provide a new summons form and Form USM-285 for Nurse McQueen, this Court may recommend that Nurse McQueen be dismissed without prejudice. [*Id*.]  Plaintiff did not respond to the August 28, 2014, Order, and the time for response lapsed.[*]

It is recommended that Nurse McQueen should be dismissed from this case *without prejudice* pursuant to Rule 4(m) and Rule 41 of the Federal Rules of Civil Procedure. Plaintiff failed to respond to this Court's August 28, 2014, Order, and more than 120 days has passed pursuant to the rule for service of process under Rule 4(m).  *See Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review); *see also Link v.*

---

[*] As of the date this Order is filed, the South Carolina Department of Corrections' website does not have Plaintiff listed in the incarcerated inmate database.  On July 10, 2014, this Court directed Plaintiff to keep the Clerk of Court advised in writing if his address changes for any reason; as of the date this Order is filed, no change of address has been received.  Previously, the Clerk of Court mailed the Court's August 28, 2014, Order to Plaintiff at his address at Evans Correctional Institution.  That mail was not returned to the Clerk of Court as undeliverable, so the Court presumes it was delivered.

*Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962).  **Plaintiff's attention is directed to the important notice on the next page.**

                                                              s/Jacquelyn D. Austin
                                                              United States Magistrate Judge

November 20, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).