IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ronald Estep, | ) | Civil Action No.: 8:14-cv-02569-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Nurse Johnson, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |
| | ) | |

Plaintiff brought this action pro se, seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1.] On July 10, 2014, the Court authorized service of process on Nurse Johnson and Nurse McQueen and advised Plaintiff of his duty to keep the Court informed of his current address. [Doc. 8.] Defendant Nurse Johnson filed a motion for summary judgment on November 21, 2014. [Doc. 44.] On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to Defendant's motion. [Doc. 45.] On December 18, 2014, the *Roseboro* Order was returned to the Court as undeliverable, marked "Return to Sender/Not Deliverable As Addressed/ Unable to Forward." [Doc. 52.] As of the date of this Order, Plaintiff has failed to advise the Court of any change in his address.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to

---

[1]Defendant Evans Correctional Institution was dismissed from the action on August 4, 2014 [Doc. 14], and Defendant Nurse McQueen was dismissed on December 12, 2014 [Doc. 49].

control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other

course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to advise the Court of his current address. The Court specifically warned Plaintiff the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 8 at 3–4.] Despite this explanation, Plaintiff has elected not to update his address and, as a result, has not received multiple filings in this case. [Docs. 47, 52, 53, 55.] Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends that the motion to dismiss for lack of prosecution be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 30, 2014
Greenville, South Carolina